**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

vs.  Case No. 6:99-cr-43-Orl-19JGG

**LAGRANT BIRDSONG**

_____

**ORDER**

This case comes before the Court on the Motion to Compel Specific Performance (Doc. No. 79) filed by Defendant Lagrant Birdsong on September 1, 2005, and the Response to Motion for Specific Performance (Doc. No. 80) filed by the United States of America on October 6, 2005.

**Background**

On April 27, 1999, Defendant Lagrant Birdsong ("Birdsong") entered a plea of guilty to a one-count indictment charging him with knowingly conspiring with others to possess, with the intent to distribute, cocaine base in violation of 21 U.S.C. § 841(a). (*See* Doc. No. 82, "Transcript of Change of Plea," filed on October 12, 2005). During the plea hearing, Birdsong stated that he wished to enter a plea of guilty despite the absence of any written or oral plea agreement with the United States. (*See id.* at pp. 15, 16). Both Birdsong and the United States indicated to the Court that since his arrest, Birdsong had been cooperating with the Government with regard to ongoing investigations and that Birdsong intended to continue to assist the Government in the future. (*See id.* at pp. 15, 17). Assistant U.S. Attorney ("AUSA") I. Bruce Hinshelwood stated to the Court that while the assistance

-1-

provided by Birdsong had thus far not risen to the level of "substantial assistance" under the Federal Sentencing Guidelines, Birdsong's continued assistance could reach that level in the future. (*See id.* at pp. 17). Both parties agreed, however, that the Government had made no promises regarding substantial assistance, nor had it promised to file a motion to reduce Birdsong's sentence either at that time or in the future. (*See id.* at pp. 16-17). Both Birdsong and his attorney admitted that other than AUSA Hinshelwood's statements that Birdsong was continuing to cooperate, and that Birdsong "clearly has it within his power" to provide substantial assistance sometime in the future, the Government had made no promises or representations regarding Birdsong's plea. (*Id.* at pp. 17-18).

Birdsong subsequently entered a plea of guilty and was sentenced to 151 months in prison, to be followed by four (4) years of supervised release. (Doc. No. 65, filed on September 9, 1999). The United States did not file a Federal Sentencing Guidelines § 5(K)1.1 sentence reduction recommendation at Birdsong's sentencing hearing. (*See* Doc. No. 70, filed on October 5, 1999). Furthermore, it is undisputed that the United States has not filed a motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) at any time following the sentencing of Birdsong. (*See* Doc. No. 79, p.6; Doc. No. 80, ¶ 3).

Birdsong alleges in his Motion that for more than two and a half (2 ½) years between 1999 and 2002, his wife Terrie Birdsong provided substantial assistance on his behalf while cooperating in an investigation with the Drug Enforcement Administration ("DEA") and local law enforcement which resulted in approximately 45 arrests. (Doc. No. 79 at pp. 4-5). He attaches to his Motion a June 2002 letter from DEA Special Agent Willie Hawkins to

AUSA Hinshelwood which attests to the cooperation of Terrie Birdsong and requests that Lagrant Birdsong be considered for a reduction in sentence. (Doc. No. 79, Ex. A.).

In his Motion to Compel Specific Performance, Birdsong alleges that he and the Government formed a written agreement regarding his guilty plea and that "the plea agreement at issue required the Government to exercise good faith in determining whether Birdsong had provided substantial assistance." (*Id*. at p. 2, 9). Birdsong argues that the Government is bound by its "written promise" to file a Rule 35 motion on his behalf and alleges that the Government has abused its discretionary powers and acted in bad faith by inducing him to provide substantial assistance and then failing to file a motion for sentence reduction. (*Id* at p. 8, 11). Birdsong asks the Court to compel the United States to file a Rule 35 motion on his behalf and to reduce his sentence by half. (*Id*. at p. 14-15).

In its Response, the United States admits that the aforementioned assistance has been rendered by Terrie Birdsong on behalf of Defendant but does not concede that such assistance amounts to "substantial assistance" under Federal Rule of Criminal Procedure 35(b). (Doc. No. 80 at ¶ 3). According to the Government, it has yet to determine whether Terrie Birdsong's efforts rise to the level of "substantial assistance." (*Id*) The Government states that it is evaluating this matter currently, and it will make a "good faith determination" of Birdsong's contention in the future. (*Id*.) Furthermore, the United States reiterates that AUSA Hinshelwood made no promises to Birdsong before or after his guilty plea regarding a Rule 35 motion and states that Agent Hawkins has likewise made no promises regarding a reduction of sentence. (*Id*.) Finally, the United States argues that Birdsong has failed to state the adequate grounds which would require judicial review of the Government's failure

to file a Rule 35(b) motion on his behalf, namely alleging that the failure to file such motion is due to an unconstitutional motive on the part of the AUSA.

## Standard of Review

The Court has only a limited authority to examine the discretionary decisions of federal prosecutors. *Wade v. United States*, 504 U.S. 181, 185-186 (1992) (holding that prosecutorial discretion may be reviewed only to the extent that the government exercises that discretion on the basis of an unconstitutional motive); *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) ("Under [the applicable statutes] the government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'") (quoting *Wade*, 504 U.S. at 185). Where the Government has reserved its discretion, the refusal of the Government to file a substantial assistance motion "should be treated as any other discretionary decision made by the prosecutor." *United States v. Marks*, 244 F.3d 971, 976 (8th Cir. 2001). More importantly, a claim that a defendant provided substantial assistance in and of itself will not entitle such defendant to a remedy or even an evidentiary hearing. *Wade*, 504 U.S. at 186.

In the absence of a specific provision in a plea agreement, in order to receive any sort of evidentiary hearing on the failure of the Government to file a Rule 35(b) motion, the criminal defendant is required to demonstrate an allegedly unconstitutional motive and is required to make a "substantial threshold showing" of misconduct. *Id*. at 185-86. In order to compel the Government to file a motion for reduction of sentence absent breach of a specific agreement, the defendant must show that the Government's failure to file a Rule 35(b) motion (1) is due to an unconstitutional motive by the prosecutor, such as basing the

refusal to file on the defendants's race or religion;[1] (2) is motivated by a desire to punish the defendant for exercising his Constitutional rights, such as the right to a jury trial, the right to a direct appeal, or the right to withdraw a guilty plea;[2] or (3) is totally arbitrary, such that "the prosecutor's refusal to move was not rationally related to any legitimate Government end."[3] Mere generalized allegations of improper motive do not provide the defendant with a right to discovery. *Wade,* 504 U.S. at 186; *Nealy*, 232 F.3d at 831.

## Analysis

In the instant case, the Court finds no evidence whatsoever to support Birdsong's claim that there was any agreement, representation, or promise, written or oral, between Birdsong and the Government regarding the filing of a Rule 35(b) motion. Contrary to Birdsong's allegation that he pled guilty pursuant to a written plea agreement,[4] the record affirmatively shows there was no written or oral plea agreement upon which Birdsong's plea was based. Both Birdsong and his attorney agreed at Birdsong's plea hearing that there was no agreement at that time, (Doc. No. 82 at pp. 15; 16-17), and there is no evidence or allegation that the Government agreed or promised to file such motion after Birdsong had been sentenced. Birdsong admits in his Motion that he has had virtually no contact with

---

[1] *Wade*, 504 U.S. at 186.

[2] *See United States v. Paramo*, 998 F.2d 1212, 1219-1220 (3d Cir. 1993); *United States v. Easter*, 981 F.2d 1549, 1555 (10th Cir. 1992); *United States v. Raineri*, 42 F.3d 36 (1st Cir. 1994).

[3] *United States v. Holston*, 129 Fed.Appx. 563, 565 (11th Cir. 2005) (unpublished) (quoting *Wade*, 504 U.S. at 186).

[4] *See* Doc. No. 79, p. 2, ¶ 3 ("In August 1999, Birdsong entered into a written plea agreement with the Government...").

AUSA Hinshelwood after his sentencing in 1999, (*see* Doc. No. 79 at pp. 5-6). There is no indication that Mr. Hinshelwood or any other agent of the Government promised Birdsong or his wife that the Government would file a sentence reduction motion.

In fact, the letter written from Hawkins to Hinshelwood was only a request that Birdsong be considered for a reduction and cannot fairly be characterized, as Birdsong argues, as "recommending that Birdsong receive full credit (i.e., a Rule 35 sentence reduction)." (*See id*. at p.5; *id*. at Ex. A. (stating that "The [DEA] respectfully requests that Lagrant Birdsong be considered for a reduction in sentence due to the assistance that was provided to the [DEA] and local Law Enforcement by his wife Terrie Birdsong.")). The noncommittal language of Hawkins's letter, coupled with the lack of any authority shown in Hawkins to bind the U.S. Attorney, further undercuts Birdsong's apparent argument that Hawkins made some sort of oral guarantee to Mrs. Birdsong that a Rule 35(b) motion would be filed on Birdsong's behalf.

In the absence of a specific plea agreement, Birdsong is required to allege and demonstrate an unconstitutional motive and make a "substantial threshold showing" of misconduct in order to be entitled to discovery or an evidentiary hearing on his Motion to Compel. *Id*. at 185-86. The United States is correct in arguing that in the case at bar, Birdsong has failed to allege one of the three required unconstitutional motives in order to trigger judicial review of his claim of bad faith. While Birdsong has produced substantial evidence indicating that an agent from the DEA contacted AUSA Hinshelwood three (3) years ago and requested that Birdsong be considered for an reduction in sentence due to Mrs. Birdsong's assistance, (Doc. No. 79, Ex. A.), Birdsong has failed to allege that the delay in

filing a motion for reduction of sentence was based on an unjustifiable standard, a desire for retaliation, or had no rational relationship to a legitimate Government end.  *See, e.g., Wade*, 504 U.S. at 185-186; *Raineri*, 42 F.3d at 36.

While the Court is troubled that it has taken the United States some three (3) years to determine whether the assistance rendered on behalf of Mr. Birdsong rises to the level of "substantial assistance" under Rule 35(b), Defendant has failed to allege facts which would allow for judicial review at this time.  Thus, the Court will deny, without prejudice to reassertion, Birdsong's Motion to Compel Specific Performance.

## Conclusion

Based on the foregoing, the Motion to Compel Specific Performance (Doc. No. 79) filed by Defendant Lagrant Birdsong is **DENIED** without prejudice to reassertion, if appropriate.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on this _20th___ day of October, 2005.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

United States Attorney

Unrepresented Party